## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD GARY HOUSE OF BROWN** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-776-BAJ-EWD** |
| **THE CITY OF CENTRAL, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 15, 2021.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

Certified Mail 7018 0360 0001 1615 6353

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOWARD GARY                                                                CIVIL ACTION NO.
HOUSE OF BROWN

VERSUS
                                                                                          20-776-BAJ-EWD
THE CITY OF CENTRAL, ET AL.

**MAGISTRATE JDUGE'S REPORT AND RECOMMENDATION**

Howard Gary, House of Brown ("Plaintiff"), who is representing himself, filed a Complaint against the City of Central, Inc. and numerous other Defendants ("Defendants") on November 13, 2020.[1] On November 18, 2020, Plaintiff was notified that he was required to (1) file a comprehensive Amended Complaint that contained all of Plaintiff's claims and contained a complete and current address, and (2) pay the Court's $400 filing fee *or* seek leave to proceed *in forma pauperis* by completing the required Application to Proceed in the District Court Without Prepaying Fees or Costs AO 239 (Long Form) ("IFP application"), a copy of which was enclosed. Plaintiff was ordered to file his Amended Complaint and file the Application or pay the filing fee by no later than December 9, 2020.[2] The November 18, 2020 notice also advised that failure to comply would result in dismissal of Plaintiff's suit without further notice. The notice was sent to Plaintiff via certified mail, return receipt requested, which he received on November 21, 2020.[3]

Plaintiff filed a Response to the notice that was received on November 25, 2020, which provided an updated address, and subsequently filed additional "Notices and Declarations;"[4]

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Docs. 4, 8, 15, 17. The Clerk of Court changed Plaintiff's address on the docket to his preferred format and re-sent several of the Court's Orders to him at the updated address, which is not a standard U.S. Postal Service address. R. Doc. 14.

however, Plaintiff failed to file an IFP application or pay the filing fee. Accordingly, a hearing was set for January 15, 2021 via Zoom videoconferencing at which Plaintiff was ordered to show cause as to why his claims should not be dismissed for failure to comply. Alternatively, in lieu of appearing for the show cause hearing, Plaintiff was ordered to pay the Court's filing fee *or* file the IFP application by no later than January 8, 2021. A copy of the IFP application was again enclosed. Plaintiff was advised that his failure to appear at the show cause hearing could result in the dismissal of his claims without further notice.[5]

On January 8, 2021, Plaintiff contacted the chambers of the undersigned to explain that he did not have Zoom video-conferencing capabilities. Therefore, the show cause hearing set for January 15, 2021 was converted to a telephone hearing, and notice was sent to Plaintiff.[6]

On January 15, 2021 the show cause hearing was conducted by telephone with Plaintiff. It was explained to Plaintiff that 28 U.S.C. § 1914 authorized the Court to charge a filing fee of $350 and an administrative fee;[7] that pursuant to the U.S. District Court Miscellaneous Fee Schedule the Court's administrative fee of $50 for filing a civil action was the amount applicable at the time he filed this suit; and that pursuant to Local Rule 5(c)[8] the Clerk of Court is not required to file any paper or to render any service for which a fee is legally collectible unless the fee for the particular service is paid in advance. Alternatively, it was explained to Plaintiff that he could seek to proceed *in forma pauperis* by completing and filing the IFP application.[9] Plaintiff was advised

---

[5] R. Doc. 6.
[6] R. Doc. 16.
[7] The provisions of 28 U.S.C. § 1914 are mandatory and provide as follows:
    (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
    (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
    (c) Each district court by rule or standing order may require advance payment of fees.
[8] Enactment of the local rule is authorized by Fed. R. Civ. P. 83.
[9] As indicated above, the IFP application was sent to Plaintiff on two prior occasions. R. Doc. 2-1 & 6-1.

2

that his failure to either pay the fee or file the IFP application would result in a recommendation of dismissal by the undersigned to the district judge. Plaintiff was asked if he intended to either pay the fee or seek IFP; however, Plaintiff refused to respond to this question and instead stated that, as a "living man," he is not required to pay the filing fee.[10]

Based on Plaintiff's refusal to either pay the fee or submit an IFP application, and his rebuttal explaining his belief that he is not required to comply with the Order requiring one of these actions, the undersigned recommends that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b), which provides for dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order. . . ." A district court may dismiss a case *sua sponte* under Rule 41(b) with or without notice to the parties for Plaintiff's refusal to comply with Court orders.[11] "Dismissals with prejudice are 'reserved for the most egregious of cases, usually where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.' Those aggravating factors include 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, and 3) delay causing prejudice to the defendant."[12]

This is not a situation where Plaintiff has requested more time to comply or did not receive notice of an Order. Instead, Plaintiff has refused to comply and questions the authority to require

---

[10] Plaintiff also refused to be addressed as "Mr. Gary," which he considers a "nom de guerre," and likewise did not consistently refer to the undersigned as "Judge," at times resorting to use of the undersigned's given first name to address her. Plaintiff also inquired into several other issues. As to Plaintiff's question regarding whether the hearing was being recorded, he was advised that the hearing was recorded as part of the Court record but that the Administrative Orders of this Court did not permit Plaintiff to record the hearing. (Amended Administrative Order 2021-1). Plaintiff also questioned the authority of the undersigned to conduct the hearing and asked why Plaintiff was not "given an Article III judge" as he requested. Plaintiff was advised that the undersigned has the authority stated in 28 U.S.C. § 636 and Local Civil Rules 72-73 and that the assigned Article III judge would handle any dispositive matters in this case. Plaintiff also questioned whether the undersigned received an email that Plaintiff claimed to have sent. The undersigned does not accept or authorize email correspondence directly from litigants, but in any case, received no email from Plaintiff.
[11] *See Boudwin v. Graystone Ins. Co., Ltd*., 756 F.2d 399, 401 (5th Cir. 1985).
[12] *Id.* (citations omitted).

3

him to do so. Although this case is in the early stages, Plaintiff chose to bring this suit in this Court and the law is clear that this Court not only has authority to require payment of the filing and administrative fees, but is required to do so and, by rule or standing order, can require advance payment of such fees, as this Court has done. Given Plaintiff's disregard for the authority of this Court despite multiple opportunity to comply, there is no adequate lesser sanction than dismissal. Additionally, notwithstanding that two aggravating factors are present (intentional conduct directly by the plaintiff) that could support dismissal with prejudice, because the merits of Plaintiff's claims are not reached in this Report, it will be recommended that his claims be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff Howard Gary, House of Brown's failure and refusal to comply with a Court Order to either pay the filing fee or to file an Application to Proceed in the District Court Without Prepaying Fees or Costs AO 239 (Long Form).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Report and Recommendation to Plaintiff Howard Gary, House of Brown, by certified mail, return receipt requested, at his address of record on PACER.

Signed in Baton Rouge, Louisiana, on January 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**